811 F.2d 608
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leslie Z. WILSON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 86-1164.
 United States Court of Appeals, Sixth Circuit.
 Dec. 11, 1986.
 
 Before ENGEL and JONES, Circuit Judges and EDWARDS, Senior Circuit Judge.
 
 ORDER
 
 1
 Leslie Wilson timely filed this pro se appeal from the Orders of the district court denying his Motion to Vacate Sentence and his Rule 35 Motion to Correct an Illegal Sentence. This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs of the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Wilson, a federal prisoner, is serving two consecutive four-year sentences following his jury conviction on one count of conspiracy to transport stolen motor vehicles in interstate commerce (18 U.S.C. Sec. 371), and one count of transportation of stolen motor vehicles (18 U.S.C. Sec. 2312). His conviction was affirmed on direct appeal to this Court. On October 15, 1985, Wilson filed an original petition for writ of habeas corpus in this Court alleging that the "stacked consecutive sentences" imposed on him violate the Double Jeopardy Clause of the United States Constitution. This Court ordered the petition transferred to the United States District Court for the Eastern District of Michigan for "such proceedings as the district court may find appropriate." Because the petition was attacking the validity of the sentence imposed, the district court ordered that it be designated a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. On February 12, 1986, the district court denied the motion to vacate sentence. On that same date, the court denied Wilson's previously filed Rule 35 Motion to Correct Illegal Sentence. This appeal followed.
 
 
 3
 Wilson argues that his consecutive sentences for conspiracy and interstate transportation of stolen motor vehicles are barred by the Double Jeopardy Clause of the United States Constitution. The double jeopardy clause prohibits the imposition of multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161 (1977). Traditionally, the law has considered conspiracy and the completed substantive offense to be separate crimes. Iannelli v. United States, 420 U.S. 770 (1974). Unlike some crimes that arise in a single transaction, the conspiracy to commit an offense and the subsequent commission of that crime normally do not merge into a single punishable act. Pinkerton v. United States, 328 U.S. 640, 643 (1946). The test to be applied in determining whether two or more offenses are separate crimes is whether each crime requires proof of a fact which the other does not (Blockburger v. United States, 284 U.S. 299, 304 (1932)). In this case, the conspiracy charged in 18 U.S.C. Sec. 371 required proof of an agreement to transport stolen motor vehicles; the substantive offense (18 U.S.C. Sec. 2312) required proof that stolen vehicles actually were transported in interstate commerce. Therefore, the district court correctly found that Wilson was properly convicted of conspiracy to transport stolen motor vehicles and of the underlying offense of transporting a stolen motor vehicle. It is well recognized that separate sentences can be imposed for the conspiracy to do an act and for the subsequent accomplishment of that act. Callanan v. United States, 364 U.S. 587 (1961); Iannelli, 420 U.S. at 777-778. Therefore, the imposition of consecutive sentences did not violate Wilson's rights under the Double Jeopardy Clause.
 
 
 4
 Accordingly, it is ORDERED that the judgment of the district court is affirmed. Sixth Circuit Rule 9(d)(3).